UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JERRY DARNEAL,                              No. 2:10-cv-01940 MCE-GGH

    Plaintiff,

  v.                                          ORDER

ALLIED WASTE TRANSPORTATION, INC.,

    Defendant.

Plaintiff Jerry Darneal ("Plaintiff"), individually, and as part of a putative class, seeks redress from Defendant Allied Waste Transportation, Inc. ("Defendant") for Defendant's failure to provide meal periods, rest periods, and compensation in compliance with California state law. Before the Court are Defendant's Motions to Remand the case to state court, and Plaintiff's Request for Sanctions against Defendant (ECF Nos. 12 and 13, respectively).

///

///

1

I.   MOTION TO REMAND

Plaintiff filed the instant action in San Joaquin Superior Court, and Defendant removed the case asserting that this Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715 ("CAFA").  In the Notice of Removal, however, Defendant stated both that CAFA applies, AND that the parties are diverse and meet the amount-in-controversy requirement under 28 U.S.C. § 1332(a).

In a somewhat confusing turn, Defendant now seeks to remand the case back to Superior Court because Defendant erroneously calculated the potential class members when it originally removed the case.  As such, Defendant can no longer assert that Plaintiff's claims meet CAFA's requirements.[1]  Defendant asserts the cause of the discrepancy involves potential subsidiary employee relationships of purported Allied Waste employees. Defendant is silent as to whether Allied Waste owns some, or all, of these subsidiaries, and fails to illuminate the nature of the relationship between the subsidiaries and parent organization.

It should be noted that there is also a dispute between the parties as to whether Defendant meets the definition of employer under applicable statutes, which would also weigh directly on the ability for the parties, and the Court, to calculate the putative class.

---

[1] In the Notice of Removal, Defendant stated that the putative class may contain well over 200 members, meeting CAFA's requirement of at least 100 members.  28 U.S.C. § 1332(d)(5)(B). However, Defendant now believes the class may be less than 100 members.

2

1 Also, while Defendant argues that federal question jurisdiction
2 no longer exists, the motion makes no mention of the issue of
3 diversity jurisdiction, as Defendant pled in the Notice of
4 Removal.
5       The question of the number of potential class members is a
6 factual inquiry that is likely to be resolved through continued
7 litigation, and the applicability of CAFA is a core issue of the
8 case.  Even if it does not apply, the parties are still diverse
9 for jurisdictional purposes.  Therefore, Defendant's Motion to
10 Remand is denied.[2]

11

12 II.   <u>MOTION TO STRIKE AND FOR SANCTIONS</u>

13

14       Plaintiff asks the Court to do the following: (1) strike
15 portions of Defendant's First Amended Answer; (2) impose
16 sanctions on Defendant's counsel for asserting evidence designed
17 to harass Plaintiff, cause delay, and/or needlessly increase the
18 cost of litigation; and (3) award attorney's fees to Plaintiff
19 for time extended to defend Defendant's assertions.
20       Defendant previously stated in various pleadings that they
21 employ at least 200 drivers in the State of California, and that
22 Plaintiff was definitely Defendant's employee.
23 ///
24 ///
25 ///
26

---

27       [2] Because oral argument will not be of material assistance,
the Court deemed this matter suitable for decision without oral
28 argument.  E.D. Cal. Local Rule 230 (g).

The portions of Defendant's Answer that Plaintiff moves to strike include information that now alleges Plaintiff is not an employee of Defendant, and that there are significantly less than 200 of Defendant's employees in California.  Again, such factual discrepancies, while admittedly unusual, are issues that will be resolved through further litigation, and are not ripe for adjudication at this time.

Therefore, Defendant's Motion to Remand (ECF No. 12) is DENIED.  Plaintiff's Motion to Strike and for Sanctions (ECF No. 13) is also DENIED.

IT IS SO ORDERED.

Dated: December 16, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE