23 atDylan Pollard, Esq., SBN 180306
Matt C. Bailey, Esq.  SBN 218685
POLLARD | BAILEY
9701 Wilshire Blvd., 10th Floor
Beverly Hills, CA 90212
Telephone: (310) 854-7650
Facsimile:  (310) 492-9934

*Attorneys for Plaintiff,*
*Jerry Darneal*

Noah A. Finkel (*pro hac vice*)
Laura J. Maechtlen (SBN 224923)
Peter D. Urias (SBN 255306)
SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, CA 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

*Attorneys for Defendant*
*Allied Waste Transportation, Inc.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DARNEAL, an individual; on behalf of himself and all other similarly situated current and former employees,<br><br>Plaintiff,<br><br>vs.<br><br>ALLIED WASTE TRANSPORTATION, INC., a Delaware Corporation; and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No. 10-CV-01940-KJM-GGH<br><br>CLASS ACTION<br><br>**STIPULATION FOR VOLUNTARY DISMISSAL;  ORDER**<br><br>Hon. Kimberly J. Mueller<br>Date Filed: June 11, 2010<br>Trial Date: None |

This Stipulation and proposed Order is entered into between Plaintiff JERRY

DARNEAL ("Plaintiff") and Defendant ALLIED WASTE TRANSPORTATION, INC.

1

**STIPULATION & ORDER OF VOLUNTARY DISMISSAL**

("Defendant") (hereinafter the "Parties") , by and through their counsel of record, as follows:

WHEREAS Plaintiff initiated the above entitled action by filing a proposed wage and hour class action complaint on June 11, 2010 against Defendant (hereinafter "the Action");

WHEREAS, on July 21, 2010, Defendant removed the Action on the grounds that this Court had original federal jurisdiction under 28 U.S.C. § 1332(d)(2);

WHEREAS Plaintiff has not filed a motion for class certification in the Action, and after conducting class discovery, has decided to not pursue certification of a class action in this Action;

WHEREAS Plaintiff now desires to dismiss his claims against Defendant with prejudice due to a settlement with Defendant;

WEHREAS Fed. Rules Civ. Proc. R. 23(e) permits voluntary dismissal of the Class Action Allegations and dismissal of the named plaintiff's claims prior to certification of a class action without court approval or notice to the class;[1]

WHEREAS dismissal of this case will not impair the claims of putative class members, if any, because the Action has not been certified as a class action;

WHEREAS notice to the proposed class is not warranted in this case, as the Action has

---

[1] Rule 23(e) states that "[t]he claims, issues, or defenses **of a certified class** may be settled, voluntarily dismissed, or compromised only with the court's approval. *See Fed Rules Civ Proc R 23(e)* (emphasis added). The 2003 Committee Notes to revisions to Rule 23(e) make clear that court approval is **not** required for settlements which seek to resolve only the named representative's individual claims when this is sought prior to certification of a class:

> Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of "a class action." That language could be -- and at times was -- read to require court approval of settlements with putative class representatives that resolved only individual claims. See Manual for Complex Litigation Third, § 30.41. The new rule requires approval only if the claims, issues, or defenses **of a certified class** are resolved by a settlement, voluntary dismissal, or compromise.

*See Fed R Civ P 23(e)(1), Committee Note of 2003* (emphasis added); *See also Bender Practice Guide: Fed Pretrial Civ Proc in CA*, at 20.41 ("Rule 23 requires court approval of a voluntary dismissal or settlement with notice to the class members, but the requirement of court approval applies **only after certification** of the action as a class action [see Fed R Civ P 23(e)(1)]. Before certification, plaintiffs may settle or dismiss their individual claims as in an individual action [see Fed R Civ P 23(e)(1), Committee Note of 2003]. Similarly, the plaintiffs may amend the complaint to delete the class allegations and proceed as in an individual suit [see Fed R Civ P 15].") (parentheticals in original).

**STIPULATION & ORDER OF VOLUNTARY DISMISSAL**

1  not been certified as a class action and neither Plaintiff or his counsel have otherwise engaged

2  in communication and/or promotion of the Action with prospective class members;

3      WHEREAS, in light of these Recitations, the Parties request that the Case Management

4  Conference Currently Set for July 20, 2011 at 10:30 a.m. be VACATED.

5      IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, that the

6  the Court enter an order that this case be dismissed with prejudice, but that such order will not

7  affect the rights of putative class members other than Plaintiff to bring any claims they may

8  have.

9  Dated: July 12, 2011                POLLARD | BAILEY

10                                     S

11

12                                     By: _____
                                            DYLAN F. POLLARD, Esq.
13                                          *Attorneys for Plaintiff*

14

15  Dated: July 12, 2011                SEYFARTH SHAW LLP

16

17                                     By: **/S/-Peter Urias (as authorized on
                                             7.10.11)**

18                                          PETER D. URIAS, Esq
19                                          *Attorneys for Defendant*

20

21

22

23

24

25

26

27

28

3

**STIPULATION & ORDER OF VOLUNTARY DISMISSAL**

## <u>ORDER</u>

The Parties having so stipulated, and GOOD CAUSE appearing, the Court ORDERS:

1.      That this matter is dismissed with prejudice and all pending dates in this case, including the July 20, 2011 Case Management Conference, are VACATED;

2.      That, because no class has been certified, this Order has no effect on the rights of putative class members other than Plaintiff Jerry Darneal.


IT IS SO ORDERED.

DATED:  July 12, 2011.


_____
UNITED STATES DISTRICT JUDGE

---

4

**STIPULATION & ORDER OF VOLUNTARY DISMISSAL**